

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 18, 1960

Honorable E. E. Coons
County Attorney
Sherman County
Stratford, Texas

Opinion No. WW-961

Re: Whether the Commissioners'
Court may require gas pipe-
line companies to move or
lower their pipelines along
or across public roads which
are to be paved without pay-
ing compensation therefor.

Dear Mr. Coons:

You have requested the opinion of this office on
the following question:

> May the Commissioners' Court of Sher-
> man County require gas pipeline companies
> to move or lower their pipelines along or
> across public roads which are to be paved
> without paying compensation therefor?

In the case of State v. City of Austin, ___ Tex.
___, 331 S.W. 2d 737 (1960), the Supreme Court of Texas was
confronted with the question of the validity of an enactment
of the Legislature which provided that the relocation of
utility facilities necessitated by the improvement of high-
ways established as a part of the National System of Inter-
state and Defense Highways be made by the utility at the cost
and expense of the State. In upholding this statute the
Court, in the course of its opinion, also stated the law
applicable to the situation raised by your question.

At page 741 of the opinion we find it stated:

> "In the absence of assumption by the
> state of part of the expense, it is clear
> that respondents could be required to re-
> move at their own expense any installations
> owned by them and located in public rights
> of way whenever such relocation is made
> necessary by highway improvements. See
> City of San Antonio v. Bexar Metropolitan

Water District, Tex. Civ. App., 309 S.W.
2d 491 (wr. ref.); City of San Antonio v.
San Antonio St. R. Co., 15 Tex. Civ. App.
1, 39 S.W. 136 (wr. ref.); State of
Tennessee v. United States, 6 Cir., 256
F. 2d 244. As pointed out in the Bexar
Metropolitan Water District case, the main
purposes of roads and streets are for
travel and transportation. While public
utilities may use the same for laying their
lines, such use is subject to reasonable
regulation by either the state, the county
or the city, as the case may be. The
utility may always be required, in the valid
exercise of the police power by proper
governmental authority, to remove or adjust
its installations to meet the needs of the
public for travel and transportation."

Quoting further from the same source and page:

". . . Many city ordinances as well
as several of our statutes authorizing
utility companies and municipal corpora-
tions to erect their lines along and upon
public roads and streets stipulate that
the owner of the facility may be required
to relocate the same at its own expense
so as to permit road and street improve-
ments. See Articles 1433, 1433a, 1436a,
and 1436b, Vernon's Ann. Tex. Civ. Stat.
These statutes and ordinances express the
public policy of the state as it existed
at the time of their adoption. . . ."

Article 1436b of Vernon's Annotated Texas Civil
Statutes, as referred to by the Court, reads in part as
follows:

"Section 1. Any person, firm or cor-
poration or incorporated city or town en-
gaged in the business of transporting or
distributing gas for public consumption
shall have the power to lay and maintain
pipes, mains, conductors and other facili-
ties used for conducting gas through, under,

along, across and over all public high-
ways, public roads, public streets and
alleys, and public waters within this
State; provided that within the corpor-
ate limits of an incorporated city or
incorporated town such right shall be
dependent upon the consent and subject
to the direction of its governing body.
Any such person, firm or corporation or
incorporated city or town shall notify
the State Highway Commission or the
Commissioners Court having jurisdiction,
as the case may be, when it proposes to
lay any such pipes, mains, conductors
and other fixtures for conducting gas
within the right-of-way of any state
highway or county road outside the limits
of an incorporated city or incorporated
town, whereupon the Highway Commission or
the Commissioners Court, if it so desires,
may designate the place upon the right-of-
way where the same shall be laid. The
public agency having jurisdiction or con-
trol of a highway or county road, that is,
the Highway Commission or the Commissioners
Court, as the case may be, may require any
such person, firm or corporation or incor-
porated city or town at its own expense to
relocate its pipes, mains, conductors or
other fixtures for conducting gas on a state
highway or county road outside the limits of
an incorporated city or incorporated town so
as to permit the widening or changing of
traffic lanes, by giving thirty (30) days
written notice to such person, firm or cor-
poration or incorporated city or town and
specifying the facility or facilities to be
moved and indicating the place on the new
right-of-way where such facility or facili-
ties may be placed. Such person, firm or
corporation or incorporated city or town
shall replace the grade and surface of such
road or highway at its own expense."
(Emphasis added)

It is our opinion that the language quoted from State
v. City of Austin, supra, and the plain unequivocal language of
Article 1436b requires that your question be answered in the
affirmative.

You are therefore advised that the Commissioners' Court of Sherman County may require the gas pipeline in question to be moved or lowered by the pipeline company at the expense of such companies by giving notice in compliance with Article 1436b.

## S U M M A R Y

The Commissioners' Court of Sherman County, Texas, is authorized to require gas pipeline companies, whose lines run along or across public roads which are to be paved, to move or lower such pipelines at their own expense and without reimbursement from the State.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

W. O. Shultz
Assistant

WOS:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

W. Ray Scruggs
Harris Toler
Linward Shivers
B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY: Leonard Passmore